## H. C. BURT & CO. v. LITTLEFIELD INDEPENDENT SCHOOL DIST.
### No. 4719.

Court of Civil Appeals of Texas. Amarillo.
Feb. 22, 1937.

Rehearing Denied April 5, 1937.

McWhorter & Howard, of Lubbock, for appellant.

E. A. Bills and T. Wade Potter, both of Littlefield, for appellee.

MARTIN, Justice.

The appellee had outstanding a bond issue aggregating $98,000. It desired to refund these, that is, buy them in at a discount and pay for them with a new issue of refunding bonds. These were offered to the board of education at a meeting it had at Lubbock. The board declined at that time to buy. A representative of appellant was present at Lubbock and knew these facts. Afterwards, appellant procured an option on the original issue of $98,000, to purchase them for $87,220 from the Banker's Life Company of Des Moines, Iowa, their then owners. Their representative then approached the board of trustees of the Littlefield Independent School District, appellee herein, and offered to sell it the original issue of $98,000 at a discount of $5000, to be paid for with refunding bonds running serially, the last to mature in 1966, drawing 5 per cent. interest per annum instead of 6 per cent., the rate of the original issue. The offer was accepted. Thereafter, the board of education purchased these bonds at Austin, appellant handling the transaction, but required that the last two bonds of $1,000 each, maturing in 1965 and 1966, respectively, of the new or refunding issue, be canceled and delivered up to the comptroller. Appellant had this done without the knowledge or consent of appellee. The trade was consummated by appellant by delivering $91,000 of the refunding issue in lieu of the original issue of $98,000 to the state board of education. It then demanded payment of the extra $2,000 it had been out on the two $1,000 bonds canceled and delivered to the comptroller. Payment was refused. This suit followed, appellant alleging in part:

"That on or about said time plaintiff and the defendant entered into an agreement whereby the plaintiff agreed to secure said $98,000.00 bonds then outstanding, at a saving of $5,000.00 in principal and a reduction from 6% interest to 5% interest on the bonds bearing 6% and the defendant should issue refunding bonds in the amount of $93,000.00 bearing 5% interest and sell said refunding bonds to the State Department of Education for $93,000.00 or at par, and thereby acquire the necessary money with which to pay the $93,000.00 for the $98,000.00 outstanding bonds, and plaintiff agreed to bring about a repurchase of said outstanding bonds by the said Board of Education for the said sum of $93,000.00 whereupon the defendant did agree and did issue its refunding bonds to the extent of $93,000.00 bearing 5% interest. * * *

"That the plaintiff herein accepted said employment and sought to arrange and did arrange a refunding agreement whereby the Banker's Life Co., the holder of the defendant's outstanding bonds, agreed to and did surrender its $98,000.00 bonds of said district to the State Board of Education; that prior to the date of the final consummation of said deal and before the Board of Education would purchase said bonds, said Board of Education acting at the behest of the Attorney-General of the State of Texas, required the defendant herein to retire the two last numbered $1,000.00 bonds out of money it represented to have on hand; that upon said defendant's promise to retire said bonds the said Board of Education as a part of the refunding deal negotiated by the plaintiff herein purchased $91,000.00 of said District's bonds; that in order to complete this arrangement and sell said bonds to the said Board of Education the defendant herein impliedly agreed and bound itself to take up the $2,000.00 worth of bonds aforesaid."

The controlling facts stated above were undisputed. The court peremptorily instructed a verdict for appellee. Such action is the assignment relied on here for reversal. We overrule it. The evidence uncontradictedly shows that appellant agreed to sell the issue of refunding bonds for $93,000. It admittedly failed, but sold them instead for $91,000. The two thousand difference it voluntarily paid at Austin without the knowledge or consent of appellee, in order to consummate the deal and secure to itself in profit the difference between its option price of $87,220 on the original bonds and the amount it realized from the sale of the refunding bonds, to wit, $91,000. The appellee knew nothing of this until after its consummation. There is no proof of an implied contract and no element of estoppel present, the latter because nobody was deceived and no knowledge of the above was brought home to appellee prior to the consummation of the contract. There is some disputed evidence as to a telephone conversation between the secretary of said board and appellant's agent, but there is no evidence that the board itself or any member of it knew of, authorized, or rati-

fied the change in the proven contract by which the district was made to pay in cash $2,000 instead of its obligation to run until 1965 and 1966. This substitution was clearly unauthorized, was made by and solely for the benefit of appellant, and cannot now be made the basis of a suit of this character. No authorities are necessary. Appellant failed to prove performance of the contract it pleaded or to show liability for any amount.

Judgment affirmed.